IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
SENIOR JUDGE MARCIA S. KRIEGER

Civil Action No. 18-cv-02957-MSK-NRN

M.M.A. DESIGN, LLC,

    **Plaintiff,**

v.

CAPELLA SPACE CORPORATION, and
THOMAS J. HARVEY,

    **Defendants,**
----------
and
-----------
THOMAS J. HARVEY,

    **Counterclaim Plaintiff,**

v.

M.M.A. DESIGN, LLC,
MITCHEL WIENS, and
PATRICK DONOVAN,

    **Counterclaim Defendants.**

---

### OPINION AND ORDER DENYING MOTION TO DISMISS

---

**THIS MATTER** comes before the Court pursuant to Counterclaim Defendant M.M.A Design, LLC's ("MMA") Motion to Dismiss **(# 97)** Counterclaim Plaintiff Thomas Harvey's First and Fourth Counterclaims, Mr. Harvey's response **(# 109)**, and MMA's reply **(# 113)**; Counterclaim Defendant Patrick Donovan's Motion to Dismiss **(# 100)** Mr. Harvey's counterclaims, Mr. Harvey's response **(# 109)**, and Mr. Donovan's reply **(# 112)**; and Counter

Defendant Mitchel Wiens' Motion to Dismiss **(# 104)** Mr. Harvey's counterclaims, Mr. Harvey's response **(# 109)**, and Mr. Wiens' reply **(# 111)**.

## FACTS

MMA commenced this matter against Mr. Harvey, its founder, alleging that Mr. Harvey took MMA's trade secrets and other proprietary information when he defected from MMA and began working with its competitor, Defendant Capella Space Corp. ("Capella"). MMA's claims against Mr. Harvey and Capella sound in misappropriation of trade secrets and common-law unfair competition.

Mr. Harvey filed his Answer and Counterclaims **(# 75)** that is the focus of the instant motion. In his counterclaims, Mr. Harvey alleges that he and Mr. Wiens were parties to an Amended Operating Agreement that under which each had vested 50% ownership of MMA. In 2016, intra-company friction caused Mr. Harvey to leave MMA's employment and commence litigation in state court against MMA and Mr. Wiens. The state court compelled claim determination through arbitration pursuant to a clause in their agreement, and the arbitration occurred in 2017. Although, most of the details of the arbitrator's award are not relevant, one is - the arbitrator found that MMA could not continue to operate due to the impasse between its owners and that it should therefore be dissolved. The arbitrator ultimately directed that a Custodian be appointed to operate MMA, and Mr. Donovan was selected as that Custodian.

Mr. Harvey alleges that Mr. Donovan conspired with Mr. Wiens "to turn MMA's resources against [Mr.] Harvey in an effort to delay the dissolution of MMA, freeze out [Mr.] Harvey, and force [Mr.] Harvey to accept less than the full value of his interest in MMA." Mr. Harvey further asserts that, although the arbitrator had reserved jurisdiction over the claims that MMA asserts against Mr. Harvey in the Complaint in this case, Mr. Donovan "expended

substantial assets of MMA to initiate this lawsuit" and asserted other claims that fall within the arbitrator's jurisdiction.  Mr. Harvey also alleges that Mr. Donovan has failed to pursue colorable claims that MMA has against Mr. Wiens, essentially ratifying those actions, and that Mr. Donovan has diverted MMA profits and other assets belonging to Mr. Harvey to Mr. Wiens instead.

Based on these facts, Mr. Harvey asserts four counterclaims, all of which appear to arise under Colorado common law: (i) abuse of process against MMA and Mr. Donovan, in that the MMA has brought claims in this case that are within the jurisdiction of the arbitrator (or are otherwise meritless), for the purpose of delaying the dissolution of MMA as ordered by the arbitrator; (ii) breach of fiduciary duty against Mr. Donovan, in that he has disregarded Mr. Harvey's rights as an owner of MMA by purposefully diverting MMA profits and assets that belong to Mr. Harvey to Mr. Wiens instead and by causing MMA to commence this action against Mr. Harvey; (iii) civil conspiracy against Mr. Wiens and Mr. Donovan, based on the same facts, and (iv) a demand for an accounting.

All three Counter Defendants move to dismiss Mr. Harvey's counterclaims against them. MMA's motion **(# 97)** contends that: (i) the abuse of process claim against MMA is barred by the doctrine of issue preclusion, as the parties have litigated that issue before the arbitrator and the arbitrator has agreed that MMA's claims in this action have facial merit; (ii) that the abuse of process claim fails because Mr. Harvey has not alleged facts showing that MMA's action was commenced in an improper manner; (iii) Mr. Harvey's request for an accounting is subject to the parties' arbitration clause and should be referred to arbitration; and (iv) Mr. Harvey's request for an accounting is barred by the doctrine of issue preclusion, having been litigated to conclusion before the arbitrator.

3

Mr. Donovan's motion **(# 100)** argues: (i) Mr. Harvey has failed to sue the real party in interest, namely, Mr. Donovan's legal entity (Pear Partners, LLC), not Mr. Donovan individually; (ii) that Mr. Donovan enjoys judicial immunity for his actions taken as Custodian; (iii) that the arbitrator has already released Mr. Donovan from liability for any actions he has taken; (iv) Mr. Harvey's breach of fiduciary duty claim is barred by issue preclusion arising from rulings by the arbitrator and further fails to state a claim because the arbitrator has expressly authorized Mr. Donovan to delay dissolving MMA; (v) Mr. Harvey's civil conspiracy claim fails to state a claim because it does not allege any unlawful predicate act.

Finally, Mr. Wiens' motion **(# 104)** contends: (i) the Court lacks supplemental jurisdiction over the conspiracy claim against Mr. Wiens because it does not arise from the same nucleus of operative facts as MMA's direct claims and because there is no other basis for federal subject-matter jurisdiction; (ii) if the Court does have supplemental jurisdiction over the claim, it should decline to exercise it in deference to the state court and arbitration proceedings; (iii) the civil conspiracy claim is subject to arbitration; and (iv) the civil conspiracy claim fails to state a claim because it does not allege an unlawful overt act.

## ANALYSIS

### A. Subject-matter jurisdiction

Because the Court finds Mr. Wiens' subject-matter jurisdiction arguments are dispositive as to <u>all</u> of Mr. Harvey's counterclaims, the Court considers this argument first.

Mr. Harvey's Counterclaims assert supplemental jurisdiction under 28 U.S.C. § 1367(a) as the sole basis of this Court's subject-matter jurisdiction over those claims. *Docket # 75*, ¶ 199. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over "all other claims that are so related to claims in the action within [the Court's] original jurisdiction that

they form part of the same case or controversy under Article III of the United States Constitution." The "same case or controversy" language is satisfied if the supplemental claims "derive from a common nucleus of operative fact" as the claims over which the Court has original jurisdiction. *Price v. Wolford*, 608 F.3d 698, 702-03 (10th Cir. 2010).

The Court cannot conclude that Mr. Harvey's counterclaims derive from the same "nucleus" of operative facts as MMA's direct claims in this case. First, the counterclaims occur in an entirely different temporal sphere than MMA's claims. MMA's claims arise primarily from Mr. Harvey's departure from MMA and his joining of Capella in 2016, perhaps extending as far as a presentation Mr. Harvey made in February 2017. *See Docket # 2, ¶ 150-53.* In contrast, Mr. Harvey's counterclaims arise primarily from Mr. Donovan's oversight of MMA following his appointment as Custodian in early 2018. *See Docket # 75, ¶ 232.*

Second, the claims entail entirely different conduct. MMA's claims against Mr. Harvey are focused on Mr. Harvey's misappropriation of MMA's trade secrets and proprietary information when he left MMA and joined Capella. In contrast, Mr. Harvey's counterclaims are focused on Mr. Donovan's failure to faithfully implement the instructions of the arbitrator regarding the prompt and fair dissolution of MMA. It is entirely possible for MMA to prove its claims of trade secret misappropriation without ever reaching the facts relating to Mr. Donovan's actions undertaken as Custodian, and it is entirely possible for Mr. Harvey to prove his counterclaims relating to Mr. Donovan's actions as Custodian without ever touching upon the facts relating to his actions involving MMA's trade secrets. Indeed, it is difficult to see how the two sets of claims share any common facts (beyond basic background facts about the existence of MMA and Mr. Harvey's ownership and employment there). The fact that Mr. Harvey left MMA's employ in 2016 is critical to MMA's direct claims, but irrelevant to Mr. Harvey's

counterclaims, which turn on the fact that he retained his ownership share of MMA despite terminating his employment. The fact that MMA commenced a lawsuit against Mr. Harvey is of critical importance to his abuse of process counterclaim, but it is a fact that has no bearing on any of MMA's substantive claims for misappropriation of trade secrets.

Thus, the Court finds that it lacks supplemental jurisdiction over all of Mr. Harvey's counterclaims.[1] Those counterclaims are therefore dismissed without prejudice.[2] Because the Court lacks jurisdiction over Mr. Harvey's counterclaims, the Court does not reach the question raised by several of the Counterclaim Defendants as to whether they are entitled to attorney fees for seeking dismissal of those claims.

## CONCLUSION

For the foregoing reasons, MMA, Mr. Donovan, and Mr. Wiens' Motions to Dismiss **(# 97, 100, 104)** are **GRANTED**. Mr. Harvey's Counterclaims are **DISMISSED** in their entirety without prejudice due to lack of federal subject-matter jurisdiction. The Clerk of the Court shall

---

[1] Mr. Wiens was the only Counter-Defendant to specifically move to dismiss due to a lack of supplemental jurisdiction, and then only as to the civil conspiracy claim. But this Court has an independent obligation to examine its own subject-matter jurisdiction, regardless of whether any party raises it. *KCOM, Inc. v. Employers Mut. Cas. Co.*, 829 F.3d 1192, 1196 (10th Cir. 2016).

[2] In any event, even if Mr. Harvey's counterclaims were cognizable within 28 U.S.C. § 1367, this Court's exercise of jurisdiction over such claims is discretionary. *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004). The Court's decision as to whether or not to exercise that discretion must be made mindful of the value of judicial economy, convenience, fairness, and comity. *City of Chicago v. Intl. College of Surgeons*, 522 U.S. 156, 172-73 (1997). Given the extensive state court and arbitration proceedings that underlie and form the core of Mr. Harvey's counterclaims, this Court would find that principles of comity and judicial economy (among others) strongly favor this Court deferring to the ability of the state court and arbitrator to consider and resolve Mr. Harvey's counterclaims. Thus, the Court would decline to exercise supplemental jurisdiction even if such jurisdiction existed.

terminate MMA's status as a Counterclaim Defendant and shall terminate Mr. Donovan and Mr. Wiens entirely as parties to this action.

Dated this 18th day of February, 2020.

BY THE COURT:

Marcia S. Krieger
Senior United States District Judge